UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT, COUNCIL ANNUITY TRUST, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No.  4:11CV02019 AGF<br>) |
| ARROW FENCE, INC., | )<br>) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' motion for default judgment (Doc. No. 29) against Defendant Arrow Fence, Inc.  Plaintiffs filed this action on November 18, 2011, under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132 to recover delinquent fringe benefit contributions allegedly owed to the plaintiff employee benefit funds. ("Plaintiff Funds")

The complaint alleges that Defendant, a party to, and specifically bound by the terms and provisions of the trust documents establishing the Plaintiff Funds, failed to submit timely reports of hours or payments.  Plaintiffs demanded an audit of Defendant's records as the collective bargaining agreements and trust documents authorize, but Defendant refused.  The complaint further asserts that in addition to the payments due, Defendant is liable for the costs of the audit and collection of any delinquency, including attorney's fees, interest, and court costs; and liquidated damages in the amount of 10% of the delinquency.

Defendant was served by special process server on December 4, 2011, and failed to file an answer or otherwise respond to the complaint.  On Plaintiffs' motion, the Clerk of the Court entered a default on December 29, 2011, and the Court granted Plaintiffs' motion for a default judgment as to liability on January 26, 2102.  Thereafter, the Court ordered Defendant to submit its books and records for audit and inspection in order to permit Plaintiffs to assess the damages owed them.  Defendant failed to do so, and on June 7, 2012, Plaintiffs moved for an order of contempt against Defendant.  Defendant's corporate representative, Mr. Michael Blunt failed to appear at the hearing scheduled on the motion for contempt, and a writ of body attachment issued.  On November 13, 2012, the United States Marshal's Service executed the writ of body attachment to bring Mr. Blunt before the Court.  The Court ordered him to cooperate in the production of his financial records for purposes of calculating damages owed in this suit.  It appears that thereafter the parties came to some accommodation with respect to disclosure of books and records so as to permit Plaintiffs to prepare affidavits in support of this motion.

On December 31, 2012, Plaintiffs filed the present motion for entry of default judgment as to damages against Defendant for the delinquent contributions and affidavits in support thereof.  The affidavits establish the following damages: delinquent contributions due to the Plaintiff Funds for the period of March 1, 2006, through December 31, 2007, in the total amount of $40,244.91; estimated delinquent contributions for the period of January 1, 2008 through December 31, 2012, in the amount of $112,691.24; interest on such delinquent contributions in the amount of $86,840.25; and liquidated damages in the amount of $15,293.62.  Plaintiffs further seek

$13,790.00 in attorney's fees, and $660.54 in costs, consisting of the filing fee and cost of service of the summons and complaint by a special process server.  Defendant has not filed a response to Plaintiffs' motion for default judgment.

The liability of a defendant is established upon entry of default, and therefore once default is entered, the plaintiff is not required to establish its right to recover. *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973) (stating that on establishment of default, "the defendant has no further standing to contest the merits of plaintiff's right to recover"); *Trustees of the IBEW Local 405 Health & Welfare Fund v. Tichy Elec. Co.*, 2008 WL 154641, at *4-5 (N.D. Iowa Jan. 15, 2008) (applying the above principle to a case for delinquent contributions under ERISA and LMRA). Thus, the only issue before the Court is the amount of damages owed by Defendant to Plaintiffs.  *See Tichy Elec. Co.*, 2008 WL 154641, at *4; *Flynn v. Williams Masonry*, 233 F.R.D. 176, 177 (D.D.C. 2005), *amended on other grounds*, 444 F. Supp. 2d 221 (D.D.C. 2006).

In an ERISA case, a court has the discretion to determine damages based on "detailed affidavits or documentary evidence."  *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (citation omitted).  When a court enters judgment against a defendant for contributions owed under a CBA, ERISA provides that the court shall award the plan (1) the unpaid contributions, (2) the interest on the unpaid contributions, (3) the greater of the amount of interest on the unpaid contributions or the amount of liquidated damages provided for under the plan, not in excess of 20 percent of the amount of unpaid contributions, and (4)

3

reasonable attorney's fees and costs of the action.  29 U.S.C. § 1132(g)(2).  Damages must be proven by a preponderance of the evidence.  *Tichy Elec. Co.*, 2008 WL 154641, at *5.

Upon review of the record, the Court concludes that Plaintiffs have provided appropriate records and affidavits in support of awards for the delinquent contributions due the Plaintiff Funds and Local No. 562 (Doc. No. 29-1), for interest on these delinquent contributions through December 31, 2012, (Doc. No. 29-1), for liquidated damages on the contributions due to the Plaintiff Funds (Doc. No. 29-1), and for attorney's fees and costs (Doc. No. 29-2).

Plaintiffs' counsel has submitted an affidavit and exhibit in support of the request for fees indicating the time expended as well as applicable hourly rates:  24.6 hours at $200.00 per hour, 17.7 hours at $350.00 per hour, and 10.7 hours at $250.00 per hour. The Court concludes that the fees requested are reasonable.  Plaintiffs' costs, consisting of the court filing fee, cost of service of the summons and complaint by a special process server, and the fees attributable to the writ of body attachment also are reasonable and customary and will be awarded as well.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Contempt is **DENIED as moot.**  (Doc. No. 14.)

**IT IS FURTHER ORDERED** that Plaintiff's motion for Default Judgment as to damages is **GRANTED.** (Doc. No. 28.)

**IT IS FURTHER ORDERED** that Defendant shall pay to Plaintiffs those delinquent contributions due to the Plaintiff Funds for the period of March 1, 2006, through December 31, 2007, in the total amount of $40,244.91; estimated delinquent contributions for the period of January 1, 2008 through December 31, 2012, in the amount of $112,691.24; the interest on such delinquent contributions in the amount of $86,840.25; and liquidated damages in the amount of $15,293.62.

**IT IS FURTHER ORDERED** that Defendant shall pay to Plaintiffs attorney's fees in the amount of $13,790.00, and costs of $660.54.

A separate Judgment of Default shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of March, 2013.